UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE LOPEZ RIVERA, | * | |
| | * | |
| Petitioner, | * | |
| | * | Civil Action No. 21-30013-MGM |
| | * | |
| v. | * | |
| | * | |
| | * | |
| STATE OF MASSACHUSETTS PUBLIC | * | |
| SAFETY AND SECURITY, ET AL., | * | |
| | * | |
| Respondents. | * | |

MEMORANDUM AND ORDER

February 16, 2021

MASTROIANNI, U.S.D.J.

For the reasons set forth below, the petition for writ of habeas corpus is denied and this action is dismissed.

I.  **Relevant Background**

*Pro se* litigant Jose Lopez Rivera (Lopez Rivera), who is currently confined at the Augusta Correctional Center ("ACC") in Virginia, filed a document captioned as "Complaint for a Writ of Habeas Corpus." (Dkt. No. 1).

Lopez Rivera contends that his confinement is unlawful and he seeks immediate release. *Id.* In addition to ACC Warden Phillip White, the petition lists 20 Massachusetts officers, employees and/or attorneys as respondents. *Id.* at p. 1, 29-32.

Petitioner seeks to challenge his criminal prosecution in Essex County Superior Court "under cause of action No: Inc. 1994-9477CR2198, 1994-9477CR2199." *Id.* at p. 3. The petition includes "questions to determine the jurisdiction, authority and the nature and cause of the respondent's restraint of the petitioner's liberties." *Id.* at p. 4.

II.     **Discussion**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus review is available under § 2241 if a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The petition has not been served pending the court's preliminary review. *See* 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent); *see also* Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[1]

Here, the court lacks habeas jurisdiction over the matter because Lopez Rivera is not confined in the District of Massachusetts. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004). Moreover, the pleading does not set forth any plausible, or even any cognizable, basis for relief. Transferring this action to the Western District of Virginia is not in the interest of justice, *see* 28 U.S.C. § 1631.

III.    **Order**

Based on the foregoing, it is hereby Ordered that the petition for writ of habeas corpus (Dkt. No. 1) is DENIED and this action is DISMISSED.

It is So Ordered.

  /s/ Mark G. Mastroianni  
MARK G. MASTROIANNI  
United States District Judge

---

[1] Rule 4 may be applied at the discretion of the district court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Habeas Corpus Cases under Section 2254.